## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA and ) | |
| STATE OF KANSAS, *ex rel.* KANSAS ) | |
| DEPARTMENT OF HEALTH AND ) | |
| ENVIRONMENT, ) | |
| Plaintiffs, ) | Case No. 6:04-cv-01064-JAR-KGG |
| ) | |
| vs. ) | |
| ) | |
| COFFEYVILLE RESOURCES ) | |
| REFINING & MARKETING, LLC, ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER GRANTING
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Now before the Court is Plaintiff State of Kansas's motion for leave to file a Second

Amended Supplemental Complaint.  (Doc. 125).  Plaintiff the United States of America consents

to the motion and does not oppose it.  (*Id.*, at 2).  Defendant Coffeyville Resources Refining &

Marketing, LLC opposes the motion and argues that the proposed amendment is futile because

the State is not entitled to injunctive relief under K.S.A. § 65-3012 in federal court.  (*See*

*generally* Doc. 128).  The Court finds the claim that the plain language interpretation of K.S.A.

§ 65-3012 authorizes the State to seek injunctive relief in federal court in not futile.  For the

reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to file a Second

Amended Supplemental Complaint.

## BACKGROUND

Plaintiffs, the United States of America ("United States") and the State of Kansas, by and

through the Kansas Department of Health and Environment (the "State"), brought this action

against Defendant Coffeyville Resources Refining & Marketing, LLC ("CRRM") alleging

violations of the Clean Air Act ("CAA"), the Kansas Air Quality Act ("KAQA"), federal and state regulations, and federal and state permits.  (Doc. 90, at 1-2).  The original complaint was filed on March 4, 2004.  (*Id.*, at 2).

On July 13, 2004, the Court entered a first consent decree between the United States, the State, and CRRM, wherein the parties settled the CAA claims.  (*Id.*)  On April 19, 2012, the Court entered a second consent decree that imposed additional obligations to ensure that CRRM was compliant with the CAA and KAQA.  (*Id.*)  The objective of the second consent decree is to "further the objectives of the Clean Air Act . . . ."  (*Id.*, at 3).

The Court retained jurisdiction over the second consent decree "for the purpose of implementing and enforcing the terms and conditions of the Consent Decree."  (*Id.*)  Pursuant to paragraph 202 of that consent decree, Plaintiff's demanded stipulated penalties from Defendant for violations of federal CAA regulations on June 19, 2020.  After the parties were unable to informally reach a resolution of the matter, CRRM sought judicial review of the dispute.  (*See generally* Doc. 95).  On March 30, 2022, the Court denied CRRM's petition for judicial review.  (*Id.*)  Defendant CRRM then timely appealed the District Court's memorandum and order denying the petition for judicial review to the United States Court of Appeals for the Tenth Circuit.  (*See generally* Doc. 104).  The Tenth Circuit temporarily held the appeal in abeyance.  (Doc. 111.)  However, the Tenth Circuit lifted the abeyance on December 29, 2022, and that matter remains pending before the Tenth Circuit.

While attempting to resolve the dispute concerning the second consent decree, Plaintiffs requested and were granted leave to file a First Supplemental Complaint under Fed. R. Civ. 15(d) on December 28, 2020.  (*See generally* Doc. 32).  The First Supplemental Complaint alleged nine new claims that occurred after the entry of the second consent decree.  (*Id.*)  After an

2

unopposed motion and the Court's leave, the Plaintiffs filed a First Amended Supplemental Complaint in February of 2022, which added an additional eight claims to the originally filed supplemental complaint. (Doc. 90.) Defendant CRRM then filed a motion to dismiss requesting the District Court to dismiss the State of Kansas's claims for civil penalties as well as dismiss count 9 and partially dismiss count 17. (Doc. 91). The District Court granted in part and denied in part CRRM's motion to dismiss. (Doc. 112). Specifically, the District Court dismissed the States civil penalties under KAQA, but otherwise denied the motion. (*Id.*)

On February 13, 2023, the State filed a motion for leave to file a Second Amended Supplemental Complaint. (Doc. 125). The State seeks to reflect the Court's dismissal of its claims for civil penalties and to add reference to K.S.A. § 65-3012 in support of its request for injunctive relief. (*Id.*) Plaintiff United States consents to the motion, but Defendant CRRM opposes the motion.

## ANALYSIS

### A.    Standard.

Pursuant to Fed. R. Civ. P 15(a)(2), Plaintiff may thus amend "only with the opposing party's written consent or the court's leave." Courts are to "freely give leave when justice so requires." *Id*. "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." ***Calderon v. Kan. Dep't. Soc. & Rehab. Servs.***, 181 F.3d 1180, 1186 (10th Cir. 1999). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted).

Here, the State seeks to amend the complaint "to reflect the Court's dismissal of Kansas's civil penalty demands, to add references to K.S.A. § 65-3012 in support of Kansas's requests for

injunctive relief, and to make corrects regarding K.A.R. § 28-19-517." (Doc. 125, at 2-3). The State asserts that CRRM's Answer to its First Amended Supplemental Complaint made evident a drafting issue and a misunderstanding, which the Second Amended Supplemental Complaint seeks to correct. (Doc. 125, at 3). The State maintains that its motion is not made in bad faith and that CRRM will not be prejudiced by its request because it "still enjoys significant time for discovery and preparation of its defense." (*Id.*, at 4).

Defendant CRRM responds by asserting that the proposed amendment is futile because the statute cited in the State's motion—K.S.A. § 65-3012—does not apply because the statute grants an "emergency authority" to stop air pollution that presents an "imminent and substantial endangerment" to public health, welfare, or the environment. (Doc. 128, at 7). CRRM argues that the statute does not authorize injunctive relief for violations that allegedly occurred in the past. (*Id.*) CRRM contends that many of the alleged violations occurred "well before this action began," and as such, the State's proposed amendment is futile because a plain language analysis of the statute precludes it from requesting injunctive relief in federal court. (*Id.*, at 7-8).

The State replies that it is not adding a demand for injunctive relief because it is already seeking injunctive relief with respect to Claims 1-2, 9, 11-12, and 14-16. (Doc. 129, at 2). Rather, the State points out that its proposed amendment seeks to correct a misunderstanding whereby it appeared that "KDHE was seeking both injunctive relief and civil penalties pursuant to K.S.A. § 65-3018." (*Id.*) Furthermore, the State asserts that CRRM misstates the plain language of K.S.A. § 65-3018 because the statute "applies where there is an 'actual' violation of the Kansas Air Quality Act ("KAQA"), rules promulgated under KAQA, orders issued under KAQA, or permit conditions required by KAQA, independent of any temporal proximity." (*Id.*, at 3) (internal quotations omitted). To that end, the State argues that this Court has jurisdiction

under § 65-3012(c) because that statute authorizes the State to seek an injunctive relief "in *any court of competent jurisdiction* to immediately restrain the acts or practices specified in subsection (a)[.]" (*Id.*) (emphasis in original).

The proposed amendment is not futile because a plain language interpretation of the statute authorizes a party to "bring suit in any court of competent jurisdiction to immediately restrain the acts or practices specified in subsection (a)." K.S.A. § 65-3012(c). *See also **Animal Legal Defense Fund v. Kelly**,* 434 F.Supp.3d 974, 989 (D. Kan. 2020) (holding that the Court's interpretation of a statute begins by "examining the plain language of the text, giving each word its ordinary and customary meaning.") (citing ***Mitchell v. C.I.R.,*** 775 F.3d 1243, 1249 (10th Cir. 2015)). Because the plain language of the statute authorizes the State to seek injunctive relief on its claims in any court of competent jurisdiction, the proposed amendment is not futile. The Court also finds there has been no showing of undue prejudice to CRRM. For the reasons set forth above, Plaintiff's motion for leave to file a Second Amended Supplemental Complaint is **GRANTED**.

**IT IS ORDERED THAT** Plaintiff State of Kansas's Motion to Amend the Complaint (Doc. 125) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff file its amended complaint within five (5) days of the date of this Order. Plaintiff is ordered to file its amended complaint substantively unaltered from what is attached to its motion.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 30th day of March 2023.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge