**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA and STATE OF KANSAS ex rel. KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**COFFEYVILLE RESOURCES REFINING & MARKETING, LLC,**<br><br>**Defendant.** | **Case No. 04-1064-JAR-KGG** |

**MEMORANDUM AND ORDER**

This civil action was brought by Plaintiffs United States of America and the State of Kansas by and through the Kansas Department of Health and Environment (the "State") against Defendant Coffeyville Resources Refining & Marketing, LLC ("CRRM") under Section 113(b) of the Clean Air Act ("CAA") and K.S.A. § 65-3005, for violations of the CAA, the Kansas Air Quality Act ("KAQA"), various federal and state regulations, and federal and state permits at CRRM's petroleum refinery located in Coffeyville, Kansas. Before the Court is Defendant's Motion to Review Order Granting Leave to File Second Amended Supplemental Complaint (Doc. 133). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the motion is denied.

## I. Background

On April 19, 2012, the parties entered into their Second Consent Decree ("2012 Consent Decree"), which was approved by the Court.[1] On June 19, 2020, pursuant to paragraph 202 of

[1] Doc. 14.

the 2012 Consent Decree, Plaintiffs demanded stipulated penalties from Defendant for violations of federal CAA regulations. The parties engaged in informal dispute resolution as required, but were unable to resolve the disputes informally, and Defendant sought judicial review of the dispute. On March 30, 2022, this Court denied Defendant's petition for judicial review. That matter is now on appeal.

In the meantime, on December 28, 2021, Plaintiffs filed a First Supplemental Complaint under Fed. R. Civ. P. 15(d), alleging nine new claims "based on transactions, occurrences, and events that occurred after the filing of the original Complaint."[2] On February 17, 2022, Plaintiffs filed a First Amended Supplemental Complaint ("FASC"), alleging an additional eight claims.[3] On October 3, 2022, this Court granted in part Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the State's claims for civil penalties under K.S.A. § 65-3018 in Counts 1 through 17.[4]

The State moved for leave to amend and file a Second Amended Supplemental Complaint ("SASC"). Defendant did not oppose amendment with one exception: the State's request to add claims for injunctive relief under K.S.A. § 65-3012 in Counts 1, 2, 6, 9, 11, 12, 14, 15, and 16 of the SASC. Defendant argued that K.S.A. § 65-3012(c) does not authorize such relief in federal court. On March 30, 2023, presiding United States Magistrate Judge Kenneth G. Gale granted the motion for leave to amend, finding that the plain language of § 65-3012 allows the State to proceed with its demand for injunctive relief in federal court.[5] Defendant seeks review of that decision.

[2] Doc. 32 ¶ 5.

[3] Doc. 90.

[4] Doc. 112.

[5] Doc. 131.

## II. Standard

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. The applicable standard of review depends on whether the magistrate judge's order relates to a dispositive or nondispositive issue. A nondispositive decision is reviewed under a clearly erroneous or contrary to law standard, and a dispositive order is reviewed de novo.[6] The parties here agree that Judge Gale's March 30 Order should be considered nondispositive under Rule 72.

Under the more deferential standard that applies to this Court's review of a nondispositive order, the Court must affirm "unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[7] As to legal matters,

> the Court conducts an independent review and determines whether the magistrate judge ruling is contrary to law. Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard.[8]

There is no dispute that Judge Gale considered the motion for leave to amend under the appropriate standard. Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[9] A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[10] A

---

[6] Fed. R. Civ. P. 72.

[7] *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1147–48 (D. Kan. 2010) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[8] *Id.* at 1148 (citations omitted).

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

proposed amendment is futile if the amended complaint would be subject to dismissal.[11] While liberality of amendment is important, it is equally important that "there must be an end finally to a particular litigation."[12]

## III. Discussion

Defendant asks this Court to overturn Judge Gale's March 30 Order and deny the State's request to add a claim for injunctive relief under K.S.A. § 65-3012 in Counts 1, 2, 6, 9, 11, 12, 14, 15, and 16 of the SSAC. Defendant does not argue that Judge Gale applied the incorrect legal standard to its motion to amend. Defendant argues that, contrary to Judge Gale's Order, the plain language of the statute does not permit a demand for injunctive relief for violations of the KAQA in federal court and therefore the proposed amendment was futile. The State responds that Judge Gale's conclusion was not contrary to law that the statute allows for injunctive relief in this federal case.

Defendant's futility argument required Judge Gale to construe K.S.A. § 65-3012(c), which is part of the KAQA. K.S.A. § 65-3012 provides:

> (a) Upon receipt of evidence that emissions from an air pollution source or combination of air pollution sources presents: (1) An imminent and substantial endangerment to public health or welfare or to the environment; or (2) for an imminent or actual violation of this act, any rules and regulations adopted under this act, any orders issued under this act or any permit conditions required by this act, the secretary may issue a temporary order not to exceed seven days in duration, directing the owner or operator, or both, to take such steps as necessary to prevent the act or eliminate the practice.
>
> (b) Upon issuance of the temporary order, the secretary may commence an action in the district court to enjoin acts or practices specified in subsection (a) or request the attorney general or

[11] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[12] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994).

> appropriate county or district attorney to commence an action to enjoin those acts or practices.
>
> (c) The secretary may bring suit in any court of competent jurisdiction to immediately restrain the acts or practices specified in subsection (a). An action for injunction under this subsection shall have precedence over other cases in respect to order of trial.
>
> (d) The owner or operator, or both, aggrieved by an order of the secretary issued pursuant to this section shall be immediately entitled to judicial review of such agency action by filing a petition for judicial review in district court. The aggrieved party shall not be required to exhaust administrative remedies. A petition for review under this subsection shall have precedence over other cases in respect to order of trial.

The Court applies Kansas law in construing this statute.[13] Under Kansas law, the Court must first attempt to determine legislative intent "by reading the plain language of the statute[] and giving common words their ordinary meanings."[14] In so doing, the Court is mindful that "[w]hen a statute is plain and unambiguous, courts do not speculate as to the legislative intent behind it and will not read the statute to add something not readily found within it. Courts need not resort to statutory construction."[15] Nonetheless, "even when the language of the statute is clear, [the Court] must still consider various provisions of an act *in pari materia* to reconcile and bring those provisions into workable harmony, if possible."[16]

Defendant argues that subsection (c) only permits the State to commence suit in state court, while the State maintains that "any court of competent jurisdiction" includes federal court. Judge Gale agreed with the State that the plain language of subsection (c) supports its

---

[13] *Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1190 (10th Cir. 2000) (citing *Phelps v. Hamilton*, 59 F.3d 1058, 1071 n.23 (10th Cir.1995)).

[14] *N. Nat. Gas Co. v. ONEOK Field Servs. Co*., 296 P.3d 1106, 1115 (Kan. 2013) (citing *Padron v. Lopez*, 220 P.3d 345, 352 (Kan. 2009)).

[15] *Kansas v. Casey*, 211 P.3d 847, 849, Syl. 2 (Kan. Ct. App. 2009).

[16] *Bruce v. Kelly*, 514 P.3d 1007, 1012 (Kan. 2022) (first citing *Neighbor v. Westar Energy, Inc*., 349 P.3d 469, 471–72 (Kan. 2015); and then citing *N. Nat. Gas Co.*, 296 P.3d at 1115).

interpretation. K.S.A. § 65-3012(a) makes clear that the statute applies where there is either (1) an imminent and substantial endangerment to public health and welfare; or (2) "an imminent or actual violation of this act, any rules and regulations adopted under this act, any orders issued under this act or any permit conditions required by this act." The State then may either issue a temporary order and "commence an action in the district court to enjoin acts or practices specified in subsection (a)," or proceed under subsection (c), which allows the State to "bring suit in any court of competent jurisdiction to immediately restrain the acts or practices specified in subsection (a)." Judge Gale's conclusion that subsection (c) allows the State to bring its injunctive relief demands in federal court is not contrary to law for several reasons.

First, as Judge Gale explained, the plain meaning of subsection (c) supports the State's position. It states that "[t]he secretary may bring suit in any court of competent jurisdiction to immediately restrain the acts or practices specified in subsection (a)." This language clearly does not require the State to bring suit seeking injunctive relief in state court. The language "any court of competent jurisdiction" is not qualified by words like "state" or even "district." The legislature's use of the word "any" clearly evinces an intent to allow the State to bring suit in federal or state court if jurisdiction is otherwise present.

Second, Judge Gale did not err in declining to find that the doctrine of *in pari materia* changes the plain meaning of subsection (c). Defendant maintains that when read in conjunction with subsections (b) and (d), the language "any court of competent jurisdiction" in subsection (c) must refer to state court in order to read the statute in harmony. According to Defendant, since these other provisions refer to the State seeking relief in "district court," which it maintains is a clear reference to state court, the legislature must have intended subsection (c) to refer to state proceedings as well. Assuming without deciding that the statutory references to "district court"

means state court, the Court disagrees with Defendant's position and finds that the references in subsections (b) and (d) to district court makes clear that the legislature knew how to limit jurisdiction but intentionally chose to use different language in subsection (c).  The Court will not read into the statute something not readily found within it.  Instead, the Court infers that the legislature intended to use different language in these subsections.  And this makes sense: subsections (b) and (d) are provisions relating to the KDHE Secretary's issuance of a temporary order.  Subsection (b) sets forth the Secretary's option to bring suit following the issuance of a temporary order; subjection (d) sets forth the owner and/or operator's option to seek judicial review following the issuance of the Secretary's temporary order.  In contrast, subsection (c) governs when the State "opts to bring suit . . . to immediately restrain the acts or practices specified in subsection (a)" instead of pursuing a temporary order.  The Court need not utilize the doctrine of *in pari materia* to harmonize these provisions.

Third, the Court's prior ruling on the civil penalty claims is not relevant here.  That ruling considered a different statute: K.S.A. § 65-3018, which governs the Secretary's ability to impose civil penalties for violations of the KAQA.  It has no bearing on this Court's review of Judge Gale's Order construing a different statutory provision.

For all of these reasons, the Court overrules and denies Defendant's motion to review and overturn Judge Gale's March 30 Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Review Order Granting Leave to File Second Amended Supplemental Complaint (Doc. 133) is **denied**.

**IT IS SO ORDERED.**

Dated: May 17, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE